Filed 3/25/26  P. v. Quezada CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>HENRY CARDONA QUEZADA,<br><br>        Defendant and Appellant. | B348827<br><br>(Los Angeles County<br>Super. Ct. No. A644721) |

        APPEAL from an order of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Affirmed.

        Henry Cardona Quezada, in pro. per.; Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

————————————————

Henry Cardona Quezada appeals from the superior court's order denying his petition for resentencing under Penal Code section 1172.6.[1]  We appointed counsel to represent Quezada on appeal.  After reviewing the record counsel for Quezada filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues.  After independently reviewing the record and the contentions in Quezada's supplemental brief, we have not identified any either.  Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *A Jury Convicts Quezada on Two Counts of Murder and One Count of Attempted Murder*

As we described in our opinion in Quezada's direct appeal (*People v. Quezada* (Nov. 8, 1989, B034685) [nonpub. opn.]) (*Quezada*), one afternoon in September 1987 Anthony Lewis drove his car to Quezada's house and saw Quezada standing outside.  Lewis said, "Go get the gun, and I will get revenge.  Somebody shot at my house."  Quezada went inside, returned with an assault rifle, and gave it to Lewis.  Quezada got into the driver's seat of Lewis's car and drove off, with Lewis in the passenger seat.  (*Quezada*, *supra*, B034685.)

Quezada began following three men in a black car.  The driver of the black car was Frederick Ford; Christopher Morgan was in the front passenger seat, and Arturo Gamboa was in the back.  Quezada pulled alongside the black car, and Lewis made the sign of a criminal street gang with his fingers.  Quezada slowed down, got behind the black car, and continued to follow it.

---

[1]     Statutory references are to the Penal Code.

Lewis fired 18 or 19 shots at the black car. Quezada drove back to his house and got out of the car with his rifle, and Lewis drove away. Ford and Gamboa died of multiple gunshot wounds; Morgan suffered a gunshot wound to the thigh but survived. (*Quezada*, *supra*, B034685.)

The People charged Quezada with two counts of first degree murder and one count of attempted murder. For each count, the People alleged a principal was armed with a firearm, within the meaning of section 12022, subdivision (a).

A jury found Quezada guilty on all counts and found true the firearm allegations. The trial court sentenced Quezada to a prison term of 26 years to life on one of his murder convictions, 25 years to life on his other murder conviction (the court imposed and stayed under section 654 execution of a one-year firearm enhancement), and the upper term of nine years on his attempted murder conviction. Quezada appealed, and we affirmed. (*Quezada*, *supra*, B034685.)

B. *The Superior Court Denies Quezada's Petition for Resentencing*

In January 2020 Quezada, representing himself, filed a form petition for resentencing under former section 1170.95. Quezada checked boxes indicating that he "was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine" and that he "could not now be convicted of 1st or 2nd degree murder" because of changes made to sections 188 and 189, effective January 1, 2019. The superior court summarily denied the motion on March 12, 2020. Quezada did not appeal.

On September 20, 2021 Quezada, still representing himself, filed another form petition for resentencing under section 1172.6 and checked the same boxes. On November 1, 2021 the superior court deemed the second petition for resentencing a motion for reconsideration and summarily denied the petition, ruling Quezada was ineligible for relief as a matter of law. The superior court concluded Quezada "was convicted of murder but the court file reflects that the petitioner was not convicted under a theory of felony-murder of any degree, or a theory of natural and probable consequences. There are no jury instructions for aiding and abetting, felony murder, or natural and probable consequences. Further, the petitioner was convicted as a direct aider and abettor to the murder." Nevertheless, on May 20, 2022 the superior court appointed counsel for Quezada and later heard and denied the second petition for resentencing.

We reversed the order summarily denying the (second) petition. We held the record did not "as a matter of law refute Quezada's allegation the jury convicted him of first degree murder under the natural and probable consequences doctrine. The trial court instructed the jury that principals of a crime are 'equally guilty' and that principals included those who 'aid and abet' the commission of the crime. The court further told the jury that an aider and abettor was liable for the natural and probable consequence of any acts he or she knowingly and intentionally aided or encouraged. The court's instructions thus allowed the jury to find that Quezada aided and abetted an unspecified crime and that Quezada was responsible (indeed, as guilty as Lewis) for the natural and probable consequence of that crime, murder. . . ." We stated that, though "the trial court did not define the target crime in the pattern jury instructions, the prosecutor connected

4

the dots for the jurors and told them how to apply the natural and probable consequences doctrine to convict Quezada of murder. . . . [¶] The instruction said nothing about a target crime, instead leaving it up to the jury to surmise the crime that Lewis contemplated and that Quezada aided and abetted. And . . . the prosecutor's argument only increased the uncertainty about what 'act' Quezada helped Lewis commit that resulted in the murders." (*People v. Quezada* (June 4, 2023, B320608) [nonpub. opn.].) We directed the superior court to issue an order to show cause, give Quezada an opportunity to amend his petition, and conduct further proceedings under section 1172.6.

On remand the People filed an evidentiary brief,[2] and the superior court held a new resentencing hearing. The court again denied the petition. The court ruled Quezada was ineligible for relief because he was a direct aider and abettor. The superior court found: "This is a situation where the actual shooter's home, allegedly, is shot—or shot at. He wants revenge. The driver, who is Mr. Quezada, retrieves that [assault rifle], hands it to the shooter, they both get into the vehicle. They follow the victims. At some point I believe they actually pull up next to the victims— I can only surmise to make sure that they see who they are going to be shooting at. The vehicle then backs off—follows. When the victim's vehicle does make the turn, the defendant positions the vehicle and follows still, so that the actual shooter is able to

---

[2] The People argued the "evidence presented at the trial . . . proves beyond a reasonable doubt that [Quezada] was the driver in a car-to-car shooting. He was an aider and abettor with the intent to kill with express malice, or at the very least, an aider and abettor with intent to kill with implied malice, deeming him ineligible for relief as a matter of law."

5

shoot . . . . I believe it was either 18 or 19 shots were fired. Two individuals were killed. The third individual, who did make an identification, was shot . . . . And then they retreat, I believe, back to the driver's house. But the court finds beyond a reasonable doubt that this is direct aiding and abetting of a murder. The shots fired. The amount of shots fired. The weapon that is used. The actions of the driver show that he had the exact same intent as the shooter, and this is the intent to kill. And, as such, the motion pursuant to [section] 1172.6 is denied." Quezada appealed from the order denying his petition.

## DISCUSSION

As stated, we appointed counsel to represent Quezada in his appeal from the order denying his petition for resentencing. After reviewing the record, counsel advised this court he could not identify any arguable issues. Counsel advised Quezada on January 8, 2026 that he was filing a brief stating he was unable to find any arguable issues and that Quezada could personally submit any contentions he wanted the court to consider. Counsel sent Quezada a copy of his brief, as well as the record on appeal.

On February 9, 2026 we received a two-page supplemental brief from Quezada. In his supplemental brief Quezada argues that he has been incarcerated for approximately 38 years and that he has "worked diligently toward rehabilitation and personal growth." Quezada asks us to consider that his "co-defendant in this same case [Lewis] has been released" and that his "sentence is now not equal to that of [his] co-defendant, but grossly disproportionate and inconsistent with current standards of justice."

Section 1172.6 authorizes a person convicted of felony murder, murder under the natural and probable consequences doctrine, or attempted murder under the natural and probable consequences doctrine, to petition the superior court to vacate the conviction and resentence the defendant on any remaining counts if he or she could not now be convicted of murder or attempted murder because of the legislative changes to the definitions of murder. (*People v. Emanuel* (2025) 17 Cal.5th 867, 880; *People v. Oyler* (2025) 17 Cal.5th 756, 835; *People v. Arellano* (2024) 16 Cal.5th 457, 468-469; *People v. Curiel* (2023) 15 Cal.5th 433, 449-450.) Where, as here, the petitioner has made the requisite prima facie showing he or she is entitled to relief under section 1172.6, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subd. (d)(1); *Emanuel*, at p. 880; *Oyler*, at p. 836.) At that hearing the court may consider evidence "previously admitted at any prior hearing or trial that is admissible under current law," including witness testimony. (§ 1172.6, subd. (d)(3); see *Oyler*, at p. 836.) The petitioner and the prosecutor may also offer new or additional evidence "to meet their respective burdens." (§ 1172.6, subd. (d)(3); see *People v. Zavala* (2024) 105 Cal.App.5th 366, 373.) Because a section 1172.6 hearing is "a continuation of the underlying criminal proceeding" (*Gomez v. Superior Court* (2024) 100 Cal.App.5th 778, 787), the only issue is whether the "petitioner could not presently be convicted of murder or attempted murder." (§ 1172.6, subd. (a)(3); see *People v. Clements* (2022) 75 Cal.App.5th 276, 294 ["The question is

whether the petitioner committed murder under a still-valid theory, and that is a factual question."].)

Quezada's argument he should be resentenced because he is a changed person is outside the scope of section 1172.6 because it is not relevant to whether he could presently be convicted of murder or attempted murder. Similarly, that Quezada's sentence may be different from his codefendant's sentence is not relevant to whether he is entitled to relief under section 1172.6. Neither Quezada nor his appellate counsel has identified a cognizable legal issue. Our independent review has not identified one either. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232; see also *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

STONE, J.

8